UNITED STATES of America,
Plaintiff–Appellee

v.

Jose **ESPARZA–MONTANES**, also known as Oscar Herrera–Herrera, also known as Oscar Rivera, also known as Javier Lopez–Ortega, Defendant–Appellant.

No. 09–10467
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 2010.

Nancy E. Larson, Assistant U.S. Attorney, Shawn Lee Smith, U.S. Attorney's Office, Fort Worth, TX, for Plaintiff–Appellee.

Jerry V. Beard, Assistant Federal Public Defender, Federal Public Defender's Office, Fort Worth, TX, for Defendant–Appellant.

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM: *

Jose Esparza–Montanes (Esparza) appeals the 60–month sentence imposed following his guilty plea conviction for illegal reentry following deportation. Esparza challenges the district court's decision to depart upward from criminal history category VI pursuant to U.S.S.G. § 4A1.3, arguing that the district court failed to explain why it bypassed intermediate offense levels or state what offense level or guidelines range it found to be appropriate and thus failed to follow § 4A1.3(a)(4)(B).

Esparza's objections below did not preserve the errors he raises on appeal. *Cf. United States v. Neal,* 578 F.3d 270, 272–73 (5th Cir.2009); FED.R.CRIM.P. 51(b). Esparza does not argue, and there is nothing in the record to show, that had the district court expressly applied the incremental approach, it could not have imposed the same sentence or that Esparza would have received a lesser sentence. *See United States v. Jones,* 444 F.3d 430, 438 (5th Cir.2006). Thus, Esparza's substantial rights were not affected. *See Puckett v. United States,* —— U.S. ——, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.